UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DENIS SEREBRYANSKIY,　　　　　　　　　　　CIVIL NO. 12-1671 (PAM/JSM)

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　REPORT AND RECOMMENDATION

SCOTT BENIECKE,
Field Office Director, et al.,

　　　　Respondent.

This matter is before the undersigned on Petitioner Denis Serebryanskiy's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1]. The matter was referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

**I.　　FACTUAL BACKGROUND**

Petitioner is a Kazakhstan citizen. Petitioner was admitted to the United States as a refugee on August 23, 1999, and was admitted as a lawful permanent resident on September 14, 2002. Declaration of Deportation Officer Ricky R. Kriesel ("Kriesel Decl."), Attachment, p. 57 [Docket No. 7-2].

On May 19, 2009, Petitioner was sentenced in Minnesota State District Court following his guilty plea to a charge of child endangerment in violation of Minn. Stat. § 609.378(1)(b)(1). Id., pp. 45-49. Petitioner was sentenced to 364 days in jail and the sentence was stayed. Id., p. 45.

On December 1, 2009, Petitioner pled guilty to the offense of Drugs – Second Degree – Sale of A Schedule 1 or 2 to a Person Under 18 Years, in violation of Minn. Stat. § 152.022(1)(5), and was sentenced to 40 months of incarceration. Id., p. 32.

On September 6, 2011, the U.S. Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear before an immigration judge and placed him in removal proceedings. Kriesel Decl., ¶3; Attachment, pp. 23-26.

On December 19, 2011, the immigration judge ordered Petitioner removed from the United States to Kazakhstan. Kriesel Decl., ¶5, Attachment, pp. 21-22. On March 5, 2012, within 90 days of the removal order, ICE performed an initial custody review and determined that Petitioner should remain in detention. Kriesel Decl., ¶12. On June 26, 2012, the Custody Management Unit at ICE recommended that Petitioner remain in detention because issuance of the travel documents needed to remove him to Kazakhstan was likely. Kriesel Decl., ¶18.

Petitioner filed his Petition for Writ of Habeas Corpus on July 11, 2012, challenging his continued detention. Memorandum of Support for Petition, p. 3 [Docket No. 2]. Petitioner sought an Order directing the Department of Homeland Security ("DHS") to release him and argued that his detention exceeded the constitutional limit of 180 days described in Sadvydas v. Davis, 533 U.S. 678 (2001). Id.

On July 23, 2012, this Court directed respondents to respond to the Petition and show cause why the writ should not be granted. Order, ¶3 [Docket No. 3]. Respondents filed a response on August 23, 2012. Respondent's Response to Order to Show Cause, Brief in Opposition to the Petition for Writ of Habeas Corpus. [Docket No. 5]. Respondents argued that the Petition should be denied because there was a

significant likelihood that Petitioner would be removed in the reasonably foreseeable future and his continued detention was lawful pursuant to 8 U.S.C. § 1231(a)(6). Id., p. 3. Respondents distinguished Petitioner's case from Sadvydas v. Davis, 533 U.S. 678 (2001) and Clark v. Martinez 543 U.S. 371 (2005) because Petitioner foreseeably remained capable of being removed and the United States government was actively working with the Kazakhstan government to effectuate his removal. Id., pp. 4-6. Respondents argued that Petitioner's situation was unlike that of the deportees in Sadvydas and Clark, where no country would accept the deportees (or the United States lacked an extradition treaty with their receiving countries), or the government conceded that it was no longer involved in repatriation negotiations. Id.

ICE removed Petitioner from the United States to Kazakhstan on January 8, 2013. Respondent's Notice That Petitioner Has Been Removed from the United States and Suggestion of Mootness ("Resp. Notice"), p. 1 [Docket No. 11]. Respondents notified the Court of the removal and sought dismissal of Petitioner's Petition on the ground that his removal deprived the Court of subject-matter jurisdiction. Id.

## II. DISCUSSION

Petitioner's removal has deprived the Court of subject-matter jurisdiction over his habeas corpus petition and this matter must be dismissed. Article III of the United States Constitution prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (internal quotation marks omitted).

> Article III of the Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies. . . "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." . . . When

3

> an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action.

Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quoting and citing Lewis, 494 U.S. at 477 (1990)) (other citations omitted).

The ongoing case-or-controversy requirement is no longer met if an event occurs that precludes the court from granting any meaningful relief to the party who initiated the action. In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996), cert. denied, 519 U.S. 980 (1996). If it becomes impossible for the court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. Lewis, 494 U.S. at 477.

As long as a habeas corpus petitioner remains incarcerated, his claims cannot be moot, because a writ of habeas corpus can provide meaningful relief—namely, release from custody. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the petitioner is released from custody, however, his case becomes moot unless he can show that a writ of habeas corpus would still provide him some benefit. Id.; see also Missouri v. Craig, 163 F.3d 482, 484 (8th Cir. 1998) (Where a petitioner no longer has a personal stake in the outcome of his case, and the federal court cannot redress the petitioner's injury with a favorable decision, the case is moot and should be dismissed.)

Petitioner contended that he was entitled to release from ICE custody because his detention exceeded the presumptively reasonable period set forth in Zadvydas v. Davis, 533 U.S. 678, 702 (2001). Petitioner has been removed and is no longer in the government's custody, therefore an order of the District Court would have no effect on

Petitioner . See Missouri, 163 F.3d at 484.  Therefore, Petitioner's Petition for Writ of Habeas Corpus should be dismissed.

## III. RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Docket No. 1] be **DISMISSED** as moot.


Dated: March 4, 2013               *Janie S. Mayeron*
                                   JANIE S. MAYERON
                                   United States Magistrate Judge


**NOTICE**
Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 18, 2013** a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.